CASE 8—PETITION ORDINARY—DECEMBER 19.

## Burrus vs. Anderson, &c.

APPEAL FROM FULTON CIRCUIT COURT.

Suit upon a note against three obligors ; two of them are served with process, and judgment rendered against them, and they replevy the same. Process is subsequently served on the other defendant, as to whom the case had been continued. *Held*— that he cannot rely upon the judgment against his co-defendants, and the replevy of the same by them, in bar of the action as to him. (*Civil Code, section* 399.)

The two cases reported in 1 *Mon.*, pages 89, 248, have no application to the rules of practice now in force as to the question, *supra*.

GEO. C. HALLET, for appellant, cited 1 *Mon.*, 89; *Ib.*, 248.

JNO. RODMAN, for appellees, cited *Civil Code, section* 399.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT :

This was an action on a note executed by Downing, Plummer and Burrus. Process having been executed on Downing and Plummer, the case was continued as to Burrus, and judgment was rendered against the other two defendants, which judgment they replevied. Execution issued on the replevin bond, and was returned "no property found," &c.

Process was afterwards executed on Burrus, and he filed an answer, relying on the judgment against his co-defendants and the replevy of the same by them, in bar of the action as to him. The answer was held insufficient on demurrer; judgment was rendered against him for the debt, and he has appealed.

The judgment is clearly right. By the Civil Code, "in an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper." (*Section* 399.)

For what purpose does the law allow the action to proceed against a defendant not served with process, if a previous judgment against a co-defendant and regular proceedings to enforce it, constitute a bar to the *proceeding* against the other ? The object of this provision of the Code is too plain to admit

of doubt or discussion. The two cases reported in 1 *Monroe*, pages 89, 248, have no application to the rules of practice now in force.

The judgment is affirmed.