JUDGE COFER
delivered the opinion of the court.
Ih January, 1875, the appellant recovered a judgment against the appellee J. M. Bryant for $1,000 and an execution issued thereon was returned “ no property found.”
The appellant then brought this suit in equity, and in the first paragraph of its petition sought, under section 474 of Myers’s Code, to enforce satisfaction of the judgment.
In the second paragraph recovery was sought on a note for $1,000, on which it was alleged Bryant was liable as indorser; and in the third paragraph recovery was sought on a note for $2,000, upon which he was alleged to be liable in the same way.
In answer to the first paragraph, Bryant averred that he was the accommodation indorser for Edelin, Huffaker & Shy, *421 on the instrument on which the judgment sought to be enforced was recovered; that Edelin, Huffaker & Shy were sued with him in the same action; and that in February, 1876, judgment was rendered therein for the same debt against Huffaker & Shy, as survivors of Edelin, Huffaker & Shy; and that they (Huffaker & Shy) had replevied the latter judgment with surety ; and he relied on that fact, and the further fact that he was only accommodation indorser, as exonerating him from liability on the judgment against himself.
To the second and third paragraphs he pleaded former adjudications in bar. The chancellor dismissed the entire, petition.
The facts relied upon in the answer to defeat the right of action set up in the first paragraph of the petition were admitted.
There is nothing in the record to show that- the separate judgment against Bryant was improperly rendered. The question for decision, then, is, whether, if several persons are liable on the same cause of action, and be sued in the same action, and separate judgments be rendered against each, the replevy of one of said judgments is a merger and satisfaction of the others.
It has been held that where a joint judgment has been rendered against several, and is replevied by a part only of the defendants, the judgment is merged into the replevin-bond, and the defendants who did not join in the bond are discharged from liability on the judgment, unless the bond be quashed; and the defendant who did not unite in the replevying, if he was only surety for the debt, will be released, even though the bond be quashed, unless it be quashed in a reasonable time. (Hughes’s adm’r v. Hardesty, 13 Bush, 364.)
But it has also been held, where three persons were sued, and judgment rendered against two and replevied by them, that the third could not plead the fact that the judgment *422 against Ms co-defendants had been replevied in bar of the action against himself. (Burrus v. Anderson, 3 Met. 500.)
The reason why a defendant who has not united in replevying a joint judgment will be discharged is, that the replevy satisfies the judgment against him; and in this there is no injustice to the plaintiff, because if not satisfied to look to the replevin-bond for the security of the debt, he may, if he moves in proper time, have the bond quashed, and proceed to enforce the judgment against all the defendants. And the reason why a mere surety will be discharged unless the bond be quashed within a reasonable time, and before any act has been done by the plaintiff which indicates his intention to accept the bond is, that by unnecessary or unreasonable delay, the plaintiff by his own laches deprives the surety of his right to seek indemnity, and thereby increases his risk.
But this case stands upon a different ground. The appellant could not quash the bond by which the judgment against Huffaker & Shy was replevied. All the defendants in that judgment united in replevying it; and to hold that Bryant was thereby released, would be to put it in the power of Huffaker & Shy to deprive the appellant, without his consent or fault, of the right to hold Bryant liable until one judgment or the other is paid. We are therefore of the opinion that the chancellor efred in dismissing the first paragraph of the petition.
' The facts in regard to the alleged former adjudications are agreed, and are in substance thus stated in the agreement: Suits were brought in the Jefferson Court of Common Pleas on the causes of action set up in the second and third paragraphs respectively by the appellant against Bryant and others, and trials had and judgments rendered thereon in his favor, and that said judgments are still in force. The records of those cases are not exhibited, but “ trials were had” which, in the absence of the records, we must assume to have been on the merits.
*423 “A trial is a judicial examination of issues, whether of law or of fact, in an action.” (Section 341, Myers’s Code.) Such a trial, and a judgment rendered on the issue tried, is prima facie a bar to a subsequent suit on the same cause of action.
The judgment dismissing the second and third paragraphs of the petition is therefore affirmed; but for the error indicated the judgment dismissing the first paragraph is reversed, and the cause is remanded for further proper proceedings.
To THE PETITION OF COUNSEL FOE A MODIFICATION OF THE OPINION, THE COUET DELIVERED THE FOLLOWING RESPONSE: '
The sole purpose of the agreement filed in this' court, as we gather it from the language employed, was to substitute that agreement and the agreement filed in the court below for copies of the records referred to. It is first agreed that the agreement filed below “ correctly sets out the facts of the other cases,” and finally that “ this cause may be heard upon the record now filed without copies of records in other suits.”
No mention is made of the transcripts of these cases filed in the office of the clerk of this court, nor of an intention that they should be read. •
This and every other court will take judicial notice of its own records as far as they pertain to the case in hand, but will not take notice in deciding one case of what .may be contained in the record of another and distinct case, unless it be brought to the attention of the court by being made a part, of the record of the case under consideration.
Petition overruled.