*J. B. Karn, for appellant.*

---

## W. W. RICHMOND *v.* C. HENRY FINCH & Co.

**Principal and Surety—Bond.**

> A mere indulgence of the principal debtor never has the effect to release the surety on a bond, unless he has given notice under the statute, or the indulgence is so given as to deprive the creditor of the right to take legal steps at any time to collect his debt, and thereby to suspend the right of the surety to seek indemnity.

### APPEAL FROM HICKMAN COURT OF COMMON PLEAS.

#### November 27, 1877.

OPINION BY JUDGE COFER:

The transcript of the record of the former suit shows that the appellant was not summoned, and therefore the judgment must be construed as against Smith alone. *Clark v. Finnell,* 16 B. Mon. 329.

There having been no judgment against the appellant, the replevying of the judgment by the appellees' consent did not release him (*Burrus v. Anderson,* 3 Met. 500), unless the fact that Jordan was insolvent had that effect. If Jordan was insolvent and the appellees, knowing that fact, consented to allow Smith to replevy, with Jordan as surety, that might have released the appellant on the ground that it was virtually the giving of indulgence to Smith without the appellant's consent.

But it is not averred that the appellants knew, when they consented to accept Jordan as surety in the bond, that he was insolvent; and if it had been so alleged we would be bound, in the absence of a bill of evidence, to presume that the answer was not sustained by the evidence.

Nor was the appellant released by the alleged release of the levy made under the fi. fa. on the replevin bond. There is nothing in the record to show that any such levy was made, or if made, that it was released. There is an indorsement on the execution signed by ap-

pellee's attorney directing the sheriff to hold it up, but that did not of itself release the appellant. It in no way deprived him of his right to pay off the debt and control the fi. fa. for his own benefit or to sue for indemnity. It was no more than a mere indulgence of the principal debtor, which never has the effect to release the surety unless he has given notice under the statute, or the indulgence is so given as to deprive the creditor of the right to take legal steps at any moment to collect his debt and thereby to suspend the right of the surety to seek indemnity.

The judgment must therefore be *affirmed*.

*J. White*, for appellant.   *G. W. Griffy*, for appellees.