## Smith, By &c. v. Smith.

(Decided February 19, 1918.)

### Appeal from Madison Circuit Court.

Wills—Appeal and Error—Judgment—Collateral Attack—Res Judicata.—As by the judgment of the circuit court rendered in a previous action, to which the parties to the present action and appeal were also parties, the provisions of the will of their ancestor respecting the real estate here involved were held to devise it to the testator's widow for life with remainder in fee to his son, the appellee's deceased husband, and that part of the former judgment was not asked to be reviewed on the appeal prosecuted in the previous action, nor in fact appealed from, and has never been reversed, the attempt of the parties to obtain a second construction of the same devises in the present action in the circuit court and by this appeal, is but a collateral attack upon the former judgment. In other words, the question of title the parties asked to have determined in the present action and appeal is res judicata.

G. MURRY SMITH and T. L. EDELEN for appellants.

BURNAM & BURNAM, A. R. BURNAM and W. C. BENNETT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Affirming.

This is an appeal from a judgment of the Madison circuit court overruling a demurrer filed by the infant appellants, through their guardian ad litem, to the appellee's petition and declaring appellee the owner in fee

simple of the dwelling house on Lancaster avenue and the storehouse on Main street, Richmond, Kentucky, described in the petition. Thos. J. Smith died about a year ago testate, being at the time a resident of Madison county. He was survived by his widow, the appellee, Elsie Bennett Smith, and by two children, the appellants, Elise Bennett Smith and Thos. J. Smith, Jr., both of whom are infants under twenty-one years of age.

By his will Thos. J. Smith devised to his wife, the appellee, Elise Bennett Smith, his entire estate, real and personal. The will was duly probated in the Madison county court and the widow, named as executrix therein, duly qualified as such. Practically all of the estate devised by Thos. J. Smith to his wife came to him under the will of his father, Thos. J. Smith, Sr. Among the property received by Thos. J. Smith under his father's will were the dwelling house on Lancaster avenue and the store house in Richmond, Ky., mentioned above. This property is now claimed by the appellee, Elise Bennett Smith, under the will of her husband, Thos. J. Smith, and this action was brought by her against her two infant children for the purpose of ascertaining whether her title to the two pieces of property referred to is a title in fee simple, as claimed by her; and, if not, what character of title, if any, she has therein; or whether the fee simple title is, as claimed by their guardian *ad litem*, in her two children. To this end the prayer of the petition asks that the will of Thos. J. Smith, Sr., be construed; that appellee be adjudged the owner in fee simple of the two parcels of real estate in question and her title thereto quieted. The infant appellees were duly served with summons and a guradian *ad litem* properly appointed to make defense for them, who, acting in their behalf, filed, as stated, the general demurrer to the petition, which properly raised the question of law asked to be determined.

The two parcels of real estate in question, as well as other property, real and personal, not here involved, were devised by the second clause of the will of Thos. J. Smith, Sr., so much of which, as it is now necessary to consider being as follows.

"2. I give to my wife, Fanny Smith, during her life the home place which I now reside on Lancaster avenue, and all the household and kitchen furniture with all its belongings, except what belongs to my son; also my father's and mother's portraits, which I give to my son

. . . and at the death of my wife this property to go to my son or his heirs. I also give to my wife the store house situated on Main street, in Richmond, Ky., during her life and at her death to go to my son and his heirs. I also give to my wife 100 shares of bank stock in the Farmers National Bank of Richmond, Ky., at her death this property goes to my son and his children. I also give to my wife during her life 140 acres of land upon the Irvine pike and known as the Collins place, at her death to my son and his children. . . . .''

It appears from the petition and, besides, is judicially known by us that certain parts of the will of Thos. J. Smith, Sr., have heretofore been before us for construction. That is, so much of clause second as devised to his wife, Fanny Smith, for life and at her death to his son, Thos. J. Smith and his children, the infant appellants, one hundred shares of bank stock in the Farmers National Bank of Richmond, Ky., and the 140 acres of land on the Irvine pike, known as the Collins place, was construed by us. Our construction of these two devises may be found in Smith, &c. v. Smith, &c., 119 Ky. 899, in the opinion of which it is said:

''It is insisted for appellant (T. J. Smith, Jr., and his infant children) that the will gives the Collins place to the testator's widow for life, with remainder in fee to their son; and that the bank stock also given the widow for life, by the will, at her death goes to the son absolutely. And this court is asked to say what interest, if any, the children of appellant, T. J. Smith, take in the Collins place and bank stock under their grandfather's will. The chancellor, from whose judgment this appeal was taken, decided that the Collins place and the 100 shares of bank stock are given by the will to the widow of the testator for her life, and at her death to his son, the appellant T. J. Smith, for his life, and at the latter's death to his children.

''The provisions of the will which we are asked to construe are as follows: (1) 'I also give my wife 100 shares of bank stock in the Farmers National Bank, of Richmond, Ky., at her death this property goes to my son and his children.' (2) 'I also give to my wife during her life 140 acres of land on the Irvine pike and known as the Collins place, at her death to my son and his children.' The word 'children,' as here used, must, we think, be considered as a word of purchase, and not of

limitation, and must always be so regarded when so used in devise, unless there is some qualifying word or phrase in juxtaposition thereto to show that it is intended as a word of limitation or unless in some other part of the will there are words or phrases which explain that the testator used the word 'children' in the latter sense. . . . . By the will in this case, except the $500.00 in money directed to be immediately paid her by the executor, all that the testator devised to his wife was for life only. He, however, made a distinct difference in the devises to his son; that is, certain real estate was devised to him absolutely. Other similar property was by the will put in the hands of trustees for his and his children's benefit, but as to the property in which the testator's wife was given a life estate by the will, and the son the remainder, in the matter of the residence property on Lancaster avenue and the store house in Richmond, the devise was to the wife for life, with remainder to the son and his 'heirs.' In respect to the bank stock and 140 acres of land known as the 'Collins Place,' the devise was to the wife for life, with remainder to the son and his children. It would, perhaps, do no violence to the intention of the testator to hold that the word 'heirs' in the other clauses of the will, was used in the sense of children. If so, it would limit the son's interest in the store house and residence property to a life estate, as in the case of the Collins place and bank stock, *though the chancellor seems to have thought otherwise, as he held that T. J. Smith, the testator's son, was given by the will the remainder in fee in the store house and home place. In other words, it was held that as to that property the children of T. J. Smith took no interest whatever under the will.* It may be that the word 'heirs' was used by the testator in that connection advisedly, and for the purpose of excluding his son's children from any interest in that property; but, if so, it but strengthens the conclusion that the word 'children' was also used advisedly, and for the express purpose of investing them with just such interest in the Collins place and bank stock as was adjudged them by the chancellor in his construction of the will.

"It follows from what has been said that the deed from T. J. and Fanny Smith to Jesse Cobb conveyed only the life estate of each of the grantors in the Collins place, and, further, that the children of T. J. Smith have un-

der their grandfather's will, the same interest in remainder in the bank stock that they have in the Collins place. . . . As we are not asked in the briefs of counsel, to construe those parts of the will which relate to the devises in regard to the storehouse in Richmond and the residence property on Lancaster avenue, we do not pass upon the same. Judgment affirmed.''

It will be seen from what was said in the opinion, *supra,* that in construing the will of Thos. J. Smith, Sr., we did not pass upon the meaning to be given those parts of the second clause of the will which devised the Lancaster avenue property and the store house. Our reason for not doing so will more clearly appear from the response to the petition for an extension of the opinion, filed by the appellant, T. J. Smith, son of the testator, and in behalf of his infant children, which is as follows:

''The court is asked to extend the opinion herein by giving its construction of those parts of the will of T. J. Smith containing the devises as to the 'dwelling house' on Lancaster avenue, and the 'store house' on Main street, in Richmond. As the construction given the devises in question by the judgment of the lower court was as contended for by appellants, and therefore favorable to them, and no appeal was taken by them from that part of the judgment, and no cross-appeal was prayed or taken by appellee therefrom, it is the opinion of the court that the devises referred to are not properly before it for construction, and that the extension of opinion should not therefore be granted. Wherefore the petition is overruled.''

All the parties to the present action were also parties to the former action determined in the lower court and later appealed to and decided in this court, and the infant appellants were represented in that action as in this by their guardian *ad litem.* As there was in the former action no appeal from so much of the judgment of the circuit court as declared that the widow of Thos. J. Smith, Sr., took a life estate in the Lancaster avenue house and lot and the store house in Richmond, and that at her death the testator's son, Thos. J. Smith, Jr., became invested with the fee simple title to the two pieces of property mentioned, and that judgment has never been reversed it is still in full force and effect. In other words, the question of title the parties ask to have determined in the present action is *res judicata.* The in-

fant appellants might have appealed from so much of the judgment in the former action as affected the title to the property here involved, and may yet do so, but as this was not done, that judgment is conclusive of the rights of the parties in this action.

Wherefore, the judgment of the lower court sustaining the demurrer to the petition in this action, is affirmed. Whole court sitting.