## Spradlin et al. v. Wiman et al.

(Decided Feb. 15, 1938.)

J. C. SPEIGHT and CHARLES R. BELL for appellants.

WEBB & WEBB for appellees.

Opinion of the Court by Judge Clay—Reversing.

E. T. Lucas died testate, a resident of Hickman county, in the year 1931. After providing for the payment of his debts and funeral expenses, and making certain bequests aggregating about $3,600, his will contains the following provision:

"After paying what I have named in this will I give the rest to the First Christian Church at Mayfield, Ky., what is left."

At the time of his death the testator owned a large body of land which passed to the church under his will, and which the trustees of the church conveyed to Vaughn Wiman by deed dated January 17, 1933. The consideration was $8,000, of which $1,000 was paid in cash, and the balance was represented by eight notes payable over a series of years.

Claiming that the devise to the church was void under section 319, Kentucky Statutes, and thereupon the title vested in them, Zula Spradlin and others, heirs at law of the testator, E. T. Lucas, brought this action against the trustees of the church and Vaughn Wiman, the purchaser, to recover all the land except 50 acres, and to require the trustees of the church to account for the income and revenues they had derived from the land. Later on the heirs filed an amended petition alleging that before the attempted sale the church did not acquire or hold any part of the land for the purpose of erecting thereon houses of public worship, public instruction, parsonage or graveyard, but undertook to sell and convey all of the land, and by reason thereof it was not entitled to take or hold even the 50 acres. The demurrer of the church and its trustees to the petition was sustained, and the petition was dismissed. The heirs appeal.

Section 319, Kentucky Statutes, reads as follows:

"No church or society of Christians shall be capable of taking or holding the title, legal or equitable, to exceeding fifty acres of ground; but may acquire and hold that quantity for the purpose of erecting thereon houses of public worship, public instruction, parsonage, or graveyard."

If the devise is invalid under the statute, then the property passed to the heirs as undevised estate, and they may sue and recover. Compton v. Moore, 156 Ky. 544, 161 S. W. 540.

Appellees take the position that the statute applies only where it is attempted to place the title to real estate absolutely in the religious body, and does not apply where, as here, the testator provides for the payment of certain bequests, and then gives what is left to the church. In support of this position, it is argued that the intention of the testator is controlling, that it was his purpose to make a valid devise by providing for a sale of his property to pay his specific bequests, and giving the remainder to the church, and that where a will is susceptible of two constructions, one that will render it valid and the other that will render it invalid, the courts will adopt that construction upholding the will. The difficulty with this position is that we have to arrive at

the testator's intention by what he said, construed in the light of the circumstances, and not by what we think he might or should have said. The testator did not give the property to the church in trust for a particular charitable purpose. If he had, the devise would have been valid. Kinney v. Kinney's Ex'r, 86 Ky. 610, 6 S. W. 593, 9 Ky. Law Rep. 753. He did not direct that his land be sold and the proceeds, or the balance of the proceeds after the payment of debts and other bequests or devises, be given to the church. Had he done so, the devise would have been valid. Chambers v. Higgins' Ex'r, 49 S. W. 436, 20 Ky. Law Rep. 1425. All that we have is the devise to the church of what was left after certain named payments, and we are not even confronted by the question of what would be the effect if a sale of the land was necessary to pay the testator's debts, funeral expenses, and the specific bequests. On the contrary, it is alleged in the petition that the First National Bank of Mayfield was duly appointed administrator of the will, and thereupon executed bond and accepted the trust, and has fully administered the estate under the provisions of the will. In view of this allegation, and the further fact that the church took and sold the land, we must assume that the testator's other property was sufficient to pay debts, funeral expenses, the costs of administering the estate, and all specific bequests. In the circumstances, the land was a part, if not the whole, of what was left within the meaning of the will, and passed to, and was taken by, the church as real property, and not as personal property, and the will is not susceptible of any other interpretation. The property devised being real estate, it follows that the devise falls within the inhibition of the statute, which was enacted to prevent churches or religious societies from accumulating large bodies of land, and cannot be ignored by the courts. Street v. Cave Hill Investment Co., 191 Ky. 422, 230 S. W. 536. As the facts pleaded show that appellants were entitled to recover the land, it follows that the demurrer to the petition should have been overruled.

Judgment reversed and cause remanded **for proceedings** not inconsistent with this opinion.

Whole court sitting.