# Wiman et ux. v. First Christian Church of Mayfield et al.

(Decided May 31, 1938.)

WEBB & WEBB for appellees.

OPINION OF THE COURT BY JUDGE BAIRD—Reversing.

This equity action was filed in the Hickman circuit

court on December 16, 1936, by appellees and plaintiffs below, against appellants and defendants below, Vaughn L. Wiman and wife, to recover judgment for about $7400.00 due plaintiffs from defendants as the balance of the consideration that the latter agreed to pay the former for a tract of land in Hickman county, consisting of about 450 acres, and which plaintiff acquired by and through the will of E. T. Lucas, deceased. After the Lucas will was probated, plaintiff, First Christian Church of Mayfield, through its trustees, sold the farm to defendant, Vaughn L. Wiman, the other defendant, Mabel Wiman, being his wife. A cash payment was made and a lien retained for the deferred payments, which were evidenced by notes, and the deed contained the right of precipitating the due date of the entire debt upon specified defalcations. These defalcations happened, which was followed by the filing of this action to recover judgment for all of the unpaid purchase money with an enforcement of the vendor's lien upon the land, which was retained in the deed, to secure it.

At the February 1937 term of the court defendants demurred to the petition and without waiving it they filed their answer, counterclaim and cross petition, which was done on February 4, 1937. In their pleading they admitted the conveyance and the execution of the notes, as well as the existence of the precipitation right reserved in the deed. They then averred that the church at the time of the sale and conveyance of the land to defendant, Vaughn L. Wiman, possessed no title thereto, since under section 319 of our Statutes it was incapable of taking and holding, howsoever acquired, any land in excess of the quantities set forth in that section and for the purposes therein specified. The answer then denied any right in the church to take and hold any part of the land conveyed to defendant under that section, and averred that he obtained nothing from plaintiff by the conveyance. He then alleged his willingness to reconvey the land to plaintiff upon condition that it repay to him the amount of the purchase money that he had paid, with interest on the deferred payments. He then stated that on December 17, 1936—the next day after defendants filed their instant petition against him—Zula Spradlin et al. filed their action against him in the same court seeking to recover the land from him on the ground that he had no title and

that they, as collateral heirs of Lucas, inherited the land from him, since his will was ineffective, for the reasons stated, to transfer the title to the First Christian Church, defendants' vendor, and that its deed to him, was likewise inefficacious for that purpose. He then averred that nine days after the filing of that petition against him, and on December 26, 1936, he served notice on plaintiff herein to appear in that case and defend his title, and he filed an executed notice to that effect as a part of his defensive pleading. He then prayed for a rescission of the contract and for a recovery of the amount of purchase money he had paid together with interest, and for a cancellation of the unpaid note.

Following the filing of that pleading the court overruled defendant's demurrer to the petition, and on the same day plaintiffs offered and were permitted to file an amended petition making the First National Bank of Mayfield, as the administrator with will annexed of the will of Lucas, a party to the action and alleging the facts by which plaintiff acquired title to the conveyed tract of land. They then asked for the appointment of a special commissioner to execute deed to Vaughn L. Wiman, and that such commissioner be directed to do so after the appearance of the administrator in the cause. In that pleading it was averred that "the First National Bank, Mayfield, Kentucky, Trust Department, as Administrator with the will annexed of the deceased, E. T. Lucas, join herein in this petition and ratifies the sale made of said land and ask that such conveyance be made, conveying all right, title and interest of the said Lucas estate to the defendant in the said real estate." Following that clearly novel procedure the specially appointed commissioner executed and filed in the action a deed reconveying the tract of land to defendant, Vaughn L. Wiman. Then followed the filing of a general demurrer by plaintiff to defendants' answer, counterclaim and cross petition. The cause was then submitted to the court and it in effect sustained the demurrer filed to the defendants' answer, etc., and rendered judgment in accordance with the prayer of the petition—to reverse which defendants prosecute this appeal.

The court in rendering the judgment appealed from seems to have proceeded upon the theory (1) that plaintiff possessed a valid title under the will of E. T.

Lucas at the time it made the conveyance of the land to defendant; but if mistaken in that, then plaintiff had not been evicted by paramount title at the time the judgment appealed from was rendered and could not, therefore, rely on a breach of warranty contained in his deed, and (2) that if plaintiff as devisee under the Lucas will did not receive a valid title, it was perfected by the special commissioner's deed and hence the judgment appealed from was rendered. The Spradlin Case involved the same legal issues that are in this one, except there was no deed by a special commissioner injected into that case. It progressed and resulted in a judgment in favor of defendants, Wiman and wife, followed by an appeal brought to this court by plaintiffs therein, and which we disposed of by reversing the judgment in the case of Spradlin v. Wiman, 272 Ky. 724, 114 S. W. (2d) 1111, in which we held (page 1112):

"That the devise falls within the inhibition of the statute, which was enacted to prevent churches or religious societies from accumulating large bodies of land, and cannot be ignored by the courts. Street v. Cave Hill Investment Company, 191 Ky. 422, 230 S. W. 536. As the facts pleaded show that appellants were entitled to recover the land, it follows that the demurrer to the petition should have been overruled."

That opinion has become final and is a straight out eviction of defendants, Wiman and wife, of their right, either to the title or possession of the involved land.

Counsel for plaintiffs in their brief filed in this court in support of an affirmance of the judgment appealed from attempt to defend the devise as not coming within the provisions of section 319, supra, of our Statutes, and, therefore, a permissible one under the law, but that question was determined by us adversely to counsels' contention in the Spradlin Case, and which we are still of the opinion was and is correct. But whether right or wrong, plaintiffs are bound by it through the operation of the notice, supra, given to them by defendants herein in the Spradlin Case.

The counter relief in this case, as will be seen, is not the assertion of a right to recover damages growing out of the breach of warranty contained in plaintiffs' deed, but it is strictly one for rescission because of failure of title in defendants' vendor. But, if the

same rule would apply requiring eviction before rescission may be had, then this situation is made to appear: Appellants were confronted with two actions filed against them; one by adverse claimants asserting a paramount title, and the instant one seeking to recover the balance of the purchase money and the enforcement of a vendors' lien to secure it. Before the judgment appealed from was rendered defendants gave notice to plaintiffs (hereinbefore referred to) which had the effect to make them parties to the Spradlin suit, and the church to become bound by whatever judgment might be rendered therein. Therefore, when this court determined that case in favor of plaintiffs therein, there was a final eviction of defendant, and which had its potential existence at the time he filed his answer, cross petition and counterclaim in the instant action. The court then had before it two pending actions between essentially the same parties and involving the same legal issues. It was its duty to consolidate them, either with or without motion for that purpose; but, instead of doing so, separate judgments were rendered, and the Spradlin Case first found its way to this court, with the result stated.

We take judicial knowledge of cases brought to this court and the disposition we make of them, and are thereby made aware of the fact that the devise to plaintiff (church) of the tract of land was wholly void under the statute referred to, and vested it with no title whatever. Board of Education of Cumberland County v. Jones, 194 Ky. 603, 240 S. W. 65; National Bank of Monticello v. Bryant, 13 Bush 419; Smith v. Smith, 179 Ky. 365, 200 S. W. 643. The practice of consolidating actions relating to the same subject matter and involving the same issues is firmly established in this jurisdiction, as set forth in Key Number System 57 (1) of volume 2 of West Kentucky Digest, beginning on page 106, under the title Action. Cases therein cited, and under Key Number System 58 on the next page of that volume, point out the duty of the court to consolidate actions where they grow out of and are connected with the same subject matter and involve the same issues, and some of the cases hold that the practice may be and should be applied by the court where the facts call for its exercise, even though no motion is made for that purpose.

The rule of practice permitting the consolidating

of actions is partially based at least on the maxim that "Equity abhors both circuity and multiplicity of actions, and will adjust conflicting equities of persons in one suit." Also, that "Equity should seek to avoid more than one suit." The excerpts are taken from syllabi in volume 8 of the same Digest under Key Number System 51, on page 274, under the title of Equity. See, also, Sanders & Walker v. Herndon, 128 Ky. 437, 108 S. W. 908, 32 Ky. Law Rep. 1362, and Davey Tree Expert Company v. Ackelbein, 233 Ky. 115, 25 S. W. (2d) 62, and the earlier case of Stip v. Alkire, 2 A. K. Marsh. 257. Those cases are by no means all of those rendered by this court to the same effect—and from which, we repeat, the court should have consolidated this action with the Spradlin action (or vice versa) and tried them together. The facts calling for such consolidating action were manifested by defendants' answer, counterclaim and cross petition filed herein, and they are not disputed by plaintiff. From them it appears that while defendants had not theretofore been physically evicted from the farm they purchased of the church, yet the forces through and by which they would certainly become evicted had then been set in motion and were rapidly approaching and could not be evaded, and which was at least a potential eviction, since it was certainly to become one as soon as the court could reach and try the case—there being no escape from the provisions of the statute (sec. 319) whereby the devise of the involved farm to plaintiff was void.

In view of the principles of law to which we have referred and the manifest injustice that would otherwise result, we are led to the conclusion that the judgment should be reversed for the reasons stated, with directions to set it aside and overrule the demurrer to the answer, and to permit defendants, if they choose, to amend it and set up their actual eviction through and by the judgment in the Spradlin Case, and to then adjudge the rights of the parties under the principles of the doctrine of rescission—subject, however, to the right of plaintiffs to plead by reply and prove, if denied (pro tanto or completely) any defense they may have against it.

Wherefore, for the reasons stated, the judgment is reversed, for proceedings consistent herewith; the whole court sitting.