OPINION of the Court.
THIS was an action of detinue, brought in the circuit court by Henry and Boggs, to recover from Jones several negro slaves, which were mortgaged by the latter to the former. Jones pleaded the general issue, and also, that the cause of action in the plaintiff’s de? *47 duration alleged, did not accrue within five years next preceding the original writ in this case, &c. The plaintiffs in the court below joined issue to the first plea; and to the second plea, replied, that at the time their cause oí’ action accrued, they were, and ever since have been, non-residents, and out of this commonwealth, &c. To this replication, the defendant (J ones) rejoined, that since the accrual of the cause of action, said plaintiffs, and each of them, have not been without this commonwealth; but that after said cause of action accrued, to wit, on the-; day of --, Boggs, one of the plaintiffs, was within this commonwealth; and. tendered an issue to the country, which was joined by the plaintiffs.
Where the phmtiffin era pioa°a * tendering an immaterial comVbelow he caauat ob? taina reversal of the judgment on account of any illegal opinion of the judge, delivered in the progress of ' the trial.
*47 On the trial of the issues, various questions were pro4 pounded for the decision of the court, by the counsel of Jones; but they were all decided against him, and a verdict and judgment recovered by the plaintiffs.
The assignment of errors questions the correctness of each decision given by that court; and we will notice each in the order it occurs in the record.
It appears, that in August 1799, a deed of mortgage was executed to the plaintiffs, Henry and Boggs, by the defendant, Jones, and Benjamin Tyree, among other things, for the negroes in contest, to secure the payment of a large sum of money against the first of January 1800; and that at the date of the mortgage the negroes belonged to Jones, and upon his acknowledgment the mortgage was in due time regularly recorded. It also appears, that Henry never nas been, in this commonwealth; but Boggs was here in the autumn of 1799, and has been absent from this state ever since. After these facts were proved, the counsel for Jones moved the court to instruct the jury, that the statute of limitations commenced running against the plaintiffs, at the time that the plaintiff, Boggs, came into this staie; but the court overruled the motion, and refused to give the instructions to the jury.
1. Before we notice the decision given by the court on this application, it may not be improper to enquire, whether the rejoinder of the defendant, J ones, nishes a sufficient answer to the plaintiff’s replication; for if it does not, the issue taken thereto must be immaterial; and as the fault was with Jones, thejudgment should not be reversed, at his instance, for any error in *48 the decision of the court, which relates to the trial of that issue.
Where the act of limitations is pleaded against non-resident joint plaintiffs, the fact of one of them having been in the state since the cause of action accrued, will not take the case out of the saving, in favor of non-residents.
As all the plaintiffs must have been out of the state to bring them within the saving, all must have returned to deprive them of the benefit of it.
2. And that the rejoinder furnishes no sufficient an - swer to the replication, we apprehend, admits of no serious doubt. The rejoinder impliedly admits that nei - ther the plainlilF Henry nor Boggs was within this country when their cause of action first accrued, and insists upon the fact of Boggs’ having since come to the country, being sufficient to cause the statute of limitations to commence running against them. It is apparent, however, from the language of the eighth section of the statute of limitations, (2 Dig. L. K. 863,) that where all of several plaintiffs are without the commonwealth, or labor under any other disability, at the time their cause of action accrues, the disability must be removed as to each, before'the statute will commence running. That section provides, that if any person or persons that is or shall be entitled to any such action of trespass, detinue, &c. be, or shall be, at the time of any such cause of action given or accrued, fallen or come, within the age of twenty-one years, feme covert, non compos mentis, imprisoned, beyond the seas, or out of the country, that then such person or persons shall be at liberty to bring the same actions, so as they take the same within such times as are before limited, after their coming to, or being of full age, discovert, of sane memory, at large, and returned from beyond the seas, or from without this country, as by other persons having no such impediment should be done.
Now, it has been held, and we apprehend held correctly, that to come within the saving contained in the section cited, all the persons entitled to a joint action must be under disability at the time the cause of action accrues; ' and if so, it necessarily follows, that after being within the saving, the disability must he removed as to all, before the limitation of time will commence running; for, according to the explicit language of the section, the same person or persons entitled to the action, and who shall be, at the time it accrues, within the age of twenty-one years,, fame covert, non compos men-tis, imprisoned, beyond the seas or out of the country, shall be at liberty to bring the action within the time prescribed by the act, after their coming to or being of full age, discovert, of sane memory, at large, and returned from beyond the seas or from without this country; *49 and as the absence of one of several co-plaintiffs, a,t the time the action accrues, will not bring their case within the saving, and prevent the statute of limitations from attaching, consistency of construction requires,, that when, by the absence of all the plaintiffs from the country, their case is brought within the saving, all shall have returned, before their case can be taken out of the saving.
if any one of the plain-iri sufil come into the state at the acti0n accrued, the sta-jute would commence running,
It might, therefore, be a sufficient response to the objection raised in this court, to the circuit court’s refusal to instruct the jury, that the issue to which the motion for the instruction applies, is not material to the right in contest, and if the decision were admitted to be erroneous, the judgment for that cause ought not to be reversed.
But we are not of opinion that the court erred in refusing to give the instruction to the jury.
3. The proof is clear, that Henry never has been in this country; and if Boggs came into the country after the cause of action accrued, we have already edto show, that upon ins coming the statute oí limitations cannot have commenced running; and if he came to the state before the cause of action accrued, it is evident the statute cannot have commenced running at that time; for it is preposterous to suppose that the statute of limitations begins to run against one who has no cause of action. It would, therefore, have been incorrect to have instructed the jury that the statute of limitations commenced running against the plaintiffs, at the time the plaintiff, Boggs, came to the country, unless the evidence had shown that his coming to the state was simultaneous with the accruing of the action. If Boggs had come to the country at the very instant the cause of action accrued, the statute of limitations would, no doubt, have at that moment commenced running; but whether the cause of action accrued, either at the date of the mortgage or at the time stipulated for the payment of the money therein, as there was no evidence conducing to prove that Boggs came to the country at either period, the court cannot have erred in refusing to instruct the jury as asked.
4. The court was also moved to instruct the jury to findfor the defendant, Jones, unless the plaintiffs proved a demand of the negroes before the commencement of their action; but the court overruled the motion, and *50 no doubt correctly-. It has been repeatedly held by this court, and must now be considered incontrovertible settled, that on the trial of the general Issue in detinue, no demand is necessary to be proved.
It is now in-controverta-bly settled, that on the trial of the general issue in an action of detinue, no demand previous to the commencement of-the suit, need he proved.
The penden-cy of a bill to foreclose the equity of redemption of a mortgage for slaves, is no bar to an action of deti-nue on tlie same mortgage for the same slaves.
We are also of opinion-, that the court correctly refused to instruct the jury that the mortgage was not so proved and authenticated, as to be admissible evidence. The slaves were proved to belong to Jones, when the mortgage was executed, and as to Jones, it was regularly admitted to record on his acknowledgment, and although not properly authenticated or proved as to the other mortgagor, Tyree, it was admissible evidence for the purpose of proving the plaintiffs’ title to the slaves.
There was given in evidence, the transcript of the record of a chancery suit, brought in the general court by the plaintiffs, Henry and Boggs, against Jones and Tyree, lbr the purpose of ioreclosing their equity of redemption to the property contained in the mortgage, and to subject the same to the payment of the demand for which the mortgage was executed. From that transcript it appears, that the general court pronounced an interlocutory decree, foreclosing the equity of redemption of Jones and Tyree, and ordering the property contained in the mortgage to .be sold by commissioners, wfio were required to make their report' to court, •so that a final decree might- be rendered. The commissioners reported a sale of the land contained in the mortgage, hut not as to the slaves, and nothing further has been done in relation to the slaves in that suit. After this transcript was read in evidence, the counsel of Jones moved the court to instruct the jury, that the record and proceedings in the general court was a bar to the plaintiffs’ right to recover in this form of action; but the court refused to give the instructions, and, we apprehend, correctly.
The right transferred to the plaintiffs by the mortgage, was, no doubt, a legal one, and might unquestionably be asserted by them in a court of law. It was competent, no doubt, for the plaintiffs to apply to a court of equity, for the purpose of foreclosing the equity of redemption which Jones and Tyree held in the property contained in the mortgage; but their having done so, does not .per sc, form a bar to their legal right in an action at law. Where a mortgagee proceeds both at law and in equity, for the purpose of obtaining satis *51 faction for his demand, the court of equity has not unusually put the plaintiff to his election, either to proceed with the action at law or the suit in equity; but it does-so, not because the pendency of the one suit is in itself a-bar to the other, but in the exercise of its discretionary power over its suitors, - to prevent multiplicity of suits, and to save expence to the litigants.
The court was also asked to instruct the jury, that twenty years’ possession of the negroes was’prima facie, evidence of the debt in the mortgage being paid; but these instructions were likewise refused.
After the lapse of twenty years from the time money secured by mortgage should have been paid, we admit, in the general, payment will be presumed; but the presumption is a presumption of fact,- and may be repelled by extraneous evidence; and in this case, the circumstance of a suit in chancery having been brought before the lapse of twenty years, in the general court, by the plaintiffs, for the purpose of foreclosing the defendant’s equity of redemption in the property contained in the mortgage, together with the proceedings and pendency of that suit, are abundantly sufficient to do away the presumption which might otherwise have attached against the plaintiffs’ demand. The court cannot, therefore, have erred in refusing to give the instructions to the jury.
Upon the whole, we perceive no error in the record; and consequently, the judgment must be affirmed with costs.