CASE 12.—SUIT BY R. C. HILL AND OTHERS AGAINST W. E. ANDERSON AND OTHERS FOR AN INJUNCTION RSTRAINING CERTAIN TOWN TRUSTEES FROM ACTING IN HOLDING AN ELECTION ON THE GROUND OF INELIGIBILITY.—February 22.

## Hill, &c., v. Anderson, &c.

Appeal from Crittenden Circuit Court.

J. F. GORDON, Circuit Judge.

Judgment for defendants. Plaintiffs appeal. Affirmed.

1. Municipal Corporations—Dissolution—Suspension of Functions —Where a town had been incorporated and placed in the sixth class by Ky. Stats., 1903, section 2740, the fact that it suspended its municipal functions and failed to elect officers did not work a dissolution.

2. Same—Loss of Inhabitants—Such dissolution could be effected by act of the Legislature, notwithstanding the population of

the town subsequently decreased so that it was insufficient to authorize a new organization as a town, within Ky. Stats., 1903, section 3713, requiring at least 125 bona fide inhabitants for original incorporation.

3. Same—Officers—Eligibility—Where persons appointed as trustees of an incorporated town were not residents thereof, as required by Ky. Stats., 1903, section 3671, and Constitution, section 234, they were ineligible.

4. Officers—Title to Office—Usurpation—Criminal Responsibility —A person holding an office to which he is ineligible under the Constitution is guilty of usurpation of office, and may be punished by fine, as provided by Ky. Stats., 1903, section 1364.

5. Injunction—Adequate Remedy at Law—Quo Warranto—Injunction will not lie to restrain disqualified officers of a town from exercising the duties of their office; there being an adequate remedy at law by quo warranto.

J. A. & JOHN H. MOORE and CARL HENDERSON for appellant.

## CLASSIFICATION OF QUESTIONS DISCUSSED.

1. Where a municipal corporation fails for a period of 17 years or more, to exercise any of the rights of governmental functions granted it by the act incorporating it, does such municipality lose such right.   (See 76 S. W., 351.)

2. Where a town of the sixth class has not held an election and none of the officers provided for by the charter of said town have been appointed, qualified or acted for a period of 17 years or more, can the County Judge on a petition filed reorganize said town, by appointing a board of trustees, when a great majority of the citizens of said town are objecting and protesting against said re-organization?   (See Ky. Stats., sections 3661 and 3662.)

3. Under the Kentucky Statutes providing that the county court may appoint a board of trustees for a town of the sixth class, where there is a vacancy in the entire board, can the judge of said court appoint persons residing outside of said town and some of them outside of the State of Kentucky?   (See Ky. Stats., section 3671.)

4. Can the county court make an order appointing a full board of trustees for a town of the sixth class at any time, other than a regular term of said county court, when the citizens are objecting and raise the question of the legality of taxes levied or to be levied by said board, and are averring that the only object of said

Hill, &c., v. Anderson, &c.

appointment is for the purpose of getting license to retail liquor? (See Ky. Stats., 1058.)

JAMES & JAMES for appellee.

As we view this case, it is not a question whether the petition presents a cause of action or not; but the sole question is, could the circuit court give the appellants a hearing upon an independent action, for the purpose of annulling an order made by a separate and distinct tribunal. (Ky. Stats., section 3692; Stahl v. Brown, 8 Ky. Law Rep., 279.)

OPINION BY CHIEF JUSTICE HOBSON—Affirming.

Appellants are citizens of Weston, a town or the sixth class in Crittenden county, Ky., incorporated on March 8, 1876. They filed this suit, alleging that for more than 17 years last past none of the rights and powers granted to the town had been exercised; that there had been no election or appointment of any officer for the town, and no town government; that the county judge had appointed five men as trustees of the town at a special term of the county court; that there were not 125 inhabitants in the town, and that they were opposed to continuing the town government; that for 17 years the streets of the town had been kept up as county highways; that three of the persons appointed trustees did not reside in the town; that the purpose of appointing the trustees was to grant liquor license, and that the majority of the people of the town were opposed to the granting of such license, and had for 17 years refused to hold an election for town officers or to exercise any powers as a town. They prayed an injunction restraining the trustees from acting. The circuit court sustained a demurrer to their petition and dismised it. From this judgment they appeal.

A municipal corporation is not dissolved by the failure to elect officers or to exercise the corporate powers. The rule on this subject is thus stated in Dillon on Municipal Corporations, section 110: "The corporation is mainly and primarily, if not wholly, an instrument of government. The officers do not constitute the corporation, or an integral part of it. The existence of the corporation does not depend upon the existence of officers. The qualified voters or electors have, indeed, the right to select officers; but such officers are the mere servants or agents of the corporation, and hence the doctrine of a dissolution by the loss of an intergral part has, in such cases, no place. If all the people of the defined locality should remove from or desert it, the corporation would, from necessity, be suspended or dormant, or perhaps entirely cease; but the mere neglect or failure to elect officers will not dissolve the corporation, certainly not while the right or capacity to elect remains. In this respect municipal corporations resemble ordinary private corporations, which exist per se, and consist of the stockholders who compose the company. The officers are their agents or servants, but do not constitute an integral part of their corporation, the failure to elect whom may suspend the functions, but will not dissolve the corporation." It is therefore immaterial that the town of Weston has not kept up its corporate organization, or that for 17 years it has been without corporate authorities.

The Statute authorizes the county judge to appoint trustees for a town of the sixth class when there shall be a vacancy in the entire board of trustees, as there was here. (Ky. St. 1903, section 3692.) Special terms of the county court may be held at any time for the

transaction of any business except the probating of a
will or the granting of certain licenses.   (Ky. St. 1903,
section 1058.)   Although the population of Weston is
now not sufficient for it to be organized into a town
(Ky. St. 1903, section 3713), still, the Legislature
having created it a town and placed it in the sixth
class (Ky. St. 1903, section 2740), it remains a town
until changed by the Legislature.   If the people do
not wish a town government, the remedy is to be given
by the Legislature.

If the trustees appointed do not live within the
town, they cannot properly hold the office.   (Ky. St.
1903, section 3671; Const. section 234.) It has been held
that a person who holds an office to which he is ineligi-
ble under the Constitution is guilty of usurpation of of-
fice (Ky. St. 1903, section 1364; Commonwealth v.
Adams, 3 Metc. 6), or he may be proceeded against by
quo warranto; but, as there is an adequate remedy
at law, an injunction will not be granted upon this
ground.   In High on Injunctions, section 1312, it is
said: "No principle of the law of injunctions, and
perhaps no doctrine of equity jurisprudence, is more
definitely fixed or more clearly established than that
courts of equity will not interfere by injunction to
determine questions concerning the appointment or
election of public officers or their title to office; such
questions being of a purely legal nature, and cog-
nizable only by courts of law."   See, also King v.
Kahue, 87 S. W. 807, 27 Ky. Law Rep., 1080.

Judgment affirmed.