## Clarke, et al. v. Ellis, et al.

(Decided January 30, 1917.)

### Appeal from McLean Circuit Court.

1. Abatement and Revival—Another Action Pending.—To sustain the plea of another action pending, it is essential that it shall appear, not only that there is a prior action pending between substantially the same parties, but also that the cause or causes of action and the issues involved are substantially the same in the two suits.

2. Abatement and Revival—Another Action Pending.—The pendency of a suit involving the partition of the lands of a decedent and equalization of advancements among his heirs will abate a subsequent suit involving the same issues and asking for a settlement of the decedent's estate, where the issue of settlement is eliminated by demurrer.

WM. B. NOE and BEN D. RINGO for appellants.

JOE H. MILLER and R. ALEXANDER for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On January 31st, 1916, C. E. Ellis died intestate, a resident of McLean county. At the time of his death he was the owner of certain personal property and of several tracts of land. His widow, Amanda J. Ellis, waived her right to qualify as administratrix, and on her motion T. E. Ellis and C. W. Ellis, sons of the intestate, were appointed administrators.

On February 21st, 1916, Amanda J. Ellis, the widow of the intestate, together with C. W. Ellis, T. E. Ellis, Mary N. Bell, S. C. Ellis and C. G. Ellis, and their respective husbands and wives, filed suit in the McLean county court against Julia Clarke, Vina Short and Sallie Plain, and their respective husbands, to have dower allotted to Amanda J. Ellis, widow of the decedent, and the remainder of the land partitioned among his eight children. On March 6th, 1916, Julia Clarke and the other defendants in said action filed their answer, controverting certain allegations of the petition and alleging that during his lifetime the decedent, C. E. Ellis, had made large advancements to T. E. Ellis, S. C. Ellis, C. G. Ellis, C. W. Ellis and Mary N. Bell, and that said children were not entitled to any portion of the land or personal estate of C. E. Ellis until the other children were equalized. At the same time, they

made a motion to have the case transferred to the Mc-Lean Circuit Court. The motion was sustained on the same day and the action transferred.

On March 1st, 1916, Julia Clarke and her husband, J. W. Clarke, Vina Short and her husband, H. R. Short, and Sallie Plain and her husband, E. P. Plain, all of whom were defendants in the suit filed in the McLean County Court, brought suit against the plaintiffs in the latter action and T. E. Ellis and C. W. Ellis, adminis-trators of the estate of C. E. Ellis, to have T. E. Ellis, C. G. Ellis, C. W. Ellis, S. C. Ellis and Mary N. Bell charged with advancements and for a division of the same land described in the suit for partition in the county court, and for a settlement of the accounts of the administrators. The petition alleged that the land could be divided without materially impairing its value; that the decedent left a large amount of personal property, the exact amount of which the plaintiffs were unable to state, but that the same had come into the hands of the administrators and they had not yet made any settlement. The petition also alleged that plain-tiffs were not advised as to the amount of debts, if any, that the decedent owed at the time of his death. It was further alleged that the defendants above men-tioned had received large advancements, and that in the settlement of the estate they should be charged therewith so that the estate could be equitably and equally divided among the parties, according to their respective interests. The petition concluded with the prayer that the case be referred to the master commis-sioner to ascertain and report the amounts of the sev-eral advancements made to the defendants, and to make settlement with the administrators. On March 20th, 1916, the defendants, Amanda J. Ellis and others, de-murred to that portion of the petition seeking to have the case referred to the master commissioner to settle the estate of C. E. Ellis, and the demurrer was sus-tained. On March 21st, the defendants filed a plea in abatement, based on the pendency of the suit in the county court which was thereafter transferred to the circuit court. The circuit court sustained the plea in abatement and entered an order dismissir~ the petition. Plaintiffs appeal.

For the purpose of convenience we shall refer to the suit originally brought in the county court and there-

after transferred to the circuit court as the "partition suit," and to the suit brought by plaintiffs in the circuit court as the "settlement suit." To sustain the plea of another action pending, it is essential that it shall appear, not only that there is a prior action pending between substantially the same parties, but also that the cause or causes of action and the issues involved are substantially the same in the two suits. 1 C. J., section 80, page 61; Commonwealth v. Southern Pac. Co., 127 Ky. 358, 105 S. W. 466, 32 R. 259; Engle v. Tennis Coal Co., 125 Ky. 239, 101 S. W. 309, 30 R. 1269; Flint v. Spurr, 17 B. Mon. 499; Jones v. Henry, 3 Litt. 46; Maynard v. Cowning, 105 S. W. 114, 31 R. 1340; B. F. Johnson Pub. Co. v. Commonwealth, 97 S. W. 749, 30 R. 148; Row v. Johnson, 78 S. W. 906, 25 R. 1799; Somerset Nat. Banking Co. v. Adams, 72 S. W. 1125, 24 R. 2083; Foster v. Foster, 71 S. W. 524, 24 R. 1396; Mattingly v. Elder, 44 S. W. 215, 19 R. 1645; Goff v. Wilburn, 24 S. W. 871, 15 R. 614. Plaintiffs contend that the plea in abatement was improperly sustained, because the two suits did not involve the same issues and were not between the same parties. The point is made that two of the plaintiffs in the partition suit were made parties defendant in a representative capacity in the settlement suit, and that in addition to the issues involved in the partition suit the settlement suit involved the further question of the settlement of the accounts of the administrators. In our opinion, the petition in the settlement suit did not allege facts sufficient to authorize a reference of the case to the master commissioner to settle the accounts of the two administrators. That being true, the demurrer thereto was properly sustained. With this feature eliminated, there were left two suits in which the only issues involved were the questions of proper partition and advancements. The plaintiffs in the partition suit were the defendants in the settlement suit, while the plaintiffs in the settlement suit were the defendants in the partition suit. The parties being the same and the causes of action and the issues involved being precisely the same in the two suits, the trial court did not err in holding that the alleged settlement suit should be abated because of the pendency of the partition suit.

Judgment affirmed.