## Ross, et al. v. Fox's Administrator, et al.

(Decided February 9, 1926.)

### Appeal from Boyle Circuit Court.

1. Pleading—Party Pleading Pendency of Another Action, in Abatement, Held to Have Burden of Producing Evidence to Sustain Plea.—Where plea, in abatement, alleging pendency of another action involving same facts, circumstances, or cause of action, did not refer to or incorporate as part of itself petition or record in such

other action, burden was on those making plea to sustain it by evidence.

2. Abatement and Revival—When Action May be Abated by Reason of Pendency of Another Stated.—In order to warrant abatement of action by reason of pendency of another, the two actions must not only be pending at same time between same parties, and prosecuted at time objection is made, but they must both be prosecuted for identically the same cause of action.

3. Abatement and Revival—Action for Settlement of Estate Held Not to Abate Action Against Administrator, Heirs, and Devisee.— In action, under Ky. Stats., sections 2084, 2089, and Civil Code of Practice, section 434, against administrator and devisees for value of Liberty bonds, alleged to have been converted by decedent, plea in abatement, on ground of pendency of action, under Civil Code of Practice, section 428, for settlement of estate, held improperly sustained for want of identity of causes of actions.

4. Abatement and Revival—That Relief Sought in Second Action Might Have Been had by Cross-Bill in First Not Grounds for Abatement.—That plaintiff in second action might have sought same relief by cross-bill or cross-complaint in first action is not ground for abatement.

5. Action—Refusal to Consolidate Actions to Enforce Claim Against Estate and Devisees, and to Settle Estate, Held Error.—Refusal to consolidate action, under Ky. Stats., sections 2084, 2089, and Civil Code of Practice, section 434, to enforce claim against administrator and devisees for bonds, alleged to have been converted by decedent, and action, under Civil Code of Practice, section 428, for settlement of estate, held error.

BURNAM & GREENLEAF and JAY W. HARLAN for appellants.

NELSON D. RODES and HENRY JACKSON for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

Appellants, Eugene Ross, Lewis Ross and Eugenia Malcolm, are the heirs at law of Anne D. Moore, deceased, and Eugene Ross is her administrator. They instituted this action in the Boyle circuit court against appellees, the personal representative, heirs and devisee of Mary M. Fox, deceased. For cause of action they alleged that when Anne D. Moore did not have sufficient mind to protect herself in the matter, Mary M. Fox, with whom she was living and between whom there existed confidential relations, fraudulently overreached her and procured from her and converted to her own use Liberty bonds of the par value of $17,000.00, which she held until her death. It was alleged that by her will Mary M. Fox dis-

posed of the proceeds of the bonds to certain named de-
visees, the amount devised to each being set forth in the
petition. It was alleged that after her death and the
qualification of her executor the proceeds of the $17,000.00
of bonds had been distributed to all of the devisees
except that to one to whom $4,000.00 had been devised
only $3,000.00 had been paid. It was alleged that the
personal representative of Mary M. Fox then had in his
hands only 38 shares of common stock of the Southern
Pacific Company of the par value of $3,800.00, and that
the remainder of her estate had been distributed. By the
action appellants sought to recover the $17,000.00 alleged
to have been wrongfully converted by Mary M. Fox,
whatever sum then remained in his hands to be recovered
from her administrator *de bonis non* with the will an-
nexed and the remainder to be recovered from her de-
visees, the recovery from each to be in proportion to the
amount of her estate received by them. The petition was
filed June 11, 1924. To the petition appellees filed a writ-
ten plea in abatement upon the ground that on December
27, 1923, the appellee, Hugh B. Fleece, as administrator
*de bonis non* with the will annexed of Mary M. Fox, de-
ceased, had filed a petition in equity against his co-de-
fendants and the plaintiffs praying the judgment of the
court upon the same facts, circumstances and cause of ac-
tion set forth in appellant's petition. Appellants filed a
written response to the plea in abatement by which its
allegations were traversed. It also pleaded affirmatively
to the plea in abatement. Appellees interposed a gen-
eral demurrer to the response to the plea in abatement
which the trial court sustained, and upon appellants' de-
clining to plead further to the plea in abatement the
chancellor sustained the same and dismissed the petition
herein. Appellants thereupon moved the court to con-
solidate this action with the former and that their peti-
tion be taken as their answer and cross-petition therein,
to which appellees objected. The court sustained the
objection and finally dismissed the petition herein. Ap-
pellants prosecute this appeal and complain of the action
of the chancellor both in sustaining the plea in abate-
ment and in overruling their motion to consolidate.

At the threshold we encounter this difficulty: Appel-
lees' plea in abatement did not refer to or make a part
of itself the petition and record of the former action, the
pendency of which was pleaded in abatement of this, nor
were copies of the former petition and record filed with

the plea. The response to the plea traversed all of its allegations. In that state of case, clearly the burden was upon those relying upon the plea in abatement to establish by evidence the ground for the plea. In the absence of any evidence to sustain the plea, this court is at a loss to understand how the chancellor sustained it.

We gather from statement of counsel contained in the briefs herein that the prior action pleaded in abatement of this was an action by appellee, Hugh B. Fleece, as administrator *de bonis non* with the will annexed of Mary M. Fox against her heirs, devisees and creditors for a settlement of her estate. Attorneys both for appel lants and appellees seem to be agreed—although the record herein does not show the fact—that in the former action Eugene Ross, as administrator of Anne D. Moore, was made a party defendant and was called on therein to file and present whatever claim he had against the estate of Mary M. Fox. It is insisted for appellees, and the chancellor was of the opinion, that in that state of case the pendency of the former action was grounds for abatement of the latter.

Appellees rely upon Foster v. Foster, 24 Ky. Law Rep. 1398, 71 S. W. 524; Mattingly v. Elder, 19 Ky. Law Rep. 1645, 44 S. W. 215; Hood's Admr. v. Hood, 80 Ky. 39; Story v. Story's Admr., 18 Ky. Law Rep. 97; Benson v. Simers, 21 Ky. Law Rep. 1060, as establishing the rule in this jurisdiction that after a suit to settle the estate of a decedent has been filed and an alleged creditor of the estate has been made a party and called on to assert his claim therein and has been served with process, he may not by a later separate, independent action against the personal representative enforce his alleged claim. A careful reading of those opinions, however, will disclose that at most they establish the rule that one who claims to be the creditor of the estate of a decedent and who was made a party defendant to a cause of action brought pursuant to section 428 of the Civil Code of Practice for a settlement of the estate, and who was called on therein to assert his claim and was served with process and who then took no action to enforce his claim but permitted a final judgment of the court to be entered, settling the accounts of the administrator and the estate of the decedent, may not thereafter be heard to assert his claim.

The rule in this jurisdiction as to when a cause of action may be abated because of the pendency of another is thus writen in Newman on Pleading and Practice, section 392b:

> "In order to abate an action by reason of the pendency of another suit, the two actions must not only be pending at the same time and prosecuted at the time the objection is made, and both be pending between the same parties, but they must both be prosecuted for identically the same cause of action."

L. & N. R. R. Company v. Ohio Valley Tie Company, 161 Ky. 212; Curd v. Lewis, 1 Dana, 176.

Assuming, as counsel herein seem to be agreed, that the former cause of action pleaded in abatement herein was instituted by the personal representative of Mary M. Fox against her heirs, devisees and creditors, including appellants, who have the claim sought to be enforced herein, and that the appellants herein were served with process and were called on therein to assert their claim, can there be said to be such identity of causes as is required by the rule above as to authorize the present action to be abated because of the pendency of the former? The present action does not involve a settlement of the estate of Mary M. Fox at all. Its purpose was to establish that at the time of her death Mary M. Fox, because of her wrongful conversion of the Liberty bonds, was indebted to Anne D. Moore in the sum of $17,000.00, and to recover that sum from her personal representative so far as he had assets in his hands and from her devisees to the extent of assets from her estate received by them. An action for the purpose is authorized by sections 2084-2089, Kentucky Statutes, 1922 edition, and by section 434 of the Civil Code of Practice. A mere answer in the former action would not have been sufficient to raise the question presented herein; neither could the question have been presented in the former action by appellants' merely filing therein a claim against the estate of Mary M. Fox with the commissioner to whom it may have been referred for settlement. Liability against her devisees could not have been fixed and a judgment against them could not have been taken in the original action by appellant's filing their claim against the estate of Mary M. Fox for the wrongful conversion of the Liberty bonds. If that claim had been filed and

allowed therein, it at most would have been a claim that they could enforce therein only against Mary M. Fox's personal representative. Counsel seem to agree that when the action to settle the estate of Mary M. Fox was instituted all of her estate except 38 shares of stock in the Southern Pacific had been distributed. There was not then in the hands of her personal representative enough of assets to settle appellants' claim if they should file it and succeed in having it allowed in that action. To obtain the relief they sought against Mrs. Fox's devisees, they had to institute an action against them either by cross-petition in the original or by independent action.

In 1 Corpus Juris, page 74, section 95, it is written:

"The fact that plaintiff in the second action might have sought the same relief by filing a cross-bill or cross-complaint in a prior action brought against him is not ground for abatement of the second action."

The great weight of authority seems to sustain that doctrine though there is contrary authority.

Assuming the former action to have been what counsel herein seem to agree it was, there was lacking that identity of causes necessary under the rule to which this court adheres to authorize the abatement of the one because of the pendency of the other. This court has concluded that the chancellor erroneously sustained the plea in abatement.

Due to the pendency of this cause of action, necessarily the former action for a settlement of the estate of Mary M. Fox, deceased, must be held on the docket undisposed of until this action has been terminated. Since the settlement of her estate may not be finally had until the issues of this action have been determined, we have concluded that the chancellor improperly overruled the motion for a consolidation of the two actions.

For these reasons, the judgment appealed from is reversed and this cause is remanded for further proceedings consistent herewith.

The whole court sitting.