## Rose et al. v. Finley's Executor.

(Decided Nov. 30, 1934.)

C. C. WILLIAMS, and WILLIAMS & DENNY, J. S. SANDUSKY, R. S. ROSE, C. B. UPTON and R. L. POPE for appellants.

TYE, SILER, GILLIS & SILER, and H. H. TYE and R. B. BIRD for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This is an appeal from a judgment rendered by the Rockcastle circuit court in favor of H. F. Finley's executor against the appellants, R. S. Rose and R. L. Pope, as maker and surety respectively, for the amount of a note for $500, with interest from date, May 17, 1917, and costs.

The facts as disclosed by the record appear to be that in December, 1908, the appellant Rose and one Davis executed to H. F. Finley in Whitley county their five notes for the total sum of $1,000, with surety, for the purpose of providing funds for use in a then pending primary election wherein they were candidates. Later, in 1917, suit thereon being threatened by appellee, Rose executed to the appellee the note herein sued on for the sum of $500, with the appellant Pope as accommodation surety thereon. Rose, claiming that by the original agreement he was not to pay the original notes if defeated in the primary, refused to pay. H. F. Finley having died in 1909, his son, Charles Finley, as his executor, filed suit thereon against the appellants in December, 1931, in the Whitley circuit court, wherein he sought to recover its amount with interest from date against the said Rose as its alleged maker and Pope as surety thereon, upon whom process was duly served, when the issues were partially joined therein.

In September, 1932, a second suit was filed by the executor against these same defendants on the same renewal note, therein seeking the same relief against them in the Rockcastle circuit court. In this suit process was served on Pope while attending court in Rockcastle county and an alias summons executed on the defendant Rose in Whitley county. Pleadings were then made up in the Rockcastle circuit court, among which the defendants set up the defense or pleaded in abatement thereto the pendency of the same and prior action on the same note between the same parties in the Whitley circuit court. However, before this second suit came on for trial, but after filing same, appellee moved to dismiss without prejudice his former

suit filed in the Whitley circuit court, to which the appellants each objected, upon the ground that they had filed, or previously tendered for filing, their answer and counterclaim or affirmative defense therein to the note sued on, but notwithstanding this, the trial judge dismissed the action. From such ruling the appellants prosecuted an appeal to this court, which was duly pending when this second suit was filed, and upon which the court, by its opinion, now duly of record in 250 Ky. 769, 63 S. W. (2d) 948, held that plaintiff could not dismiss this first case filed in the Whitley circuit court before final submission, to the prejudice of appellant's meritorious counter relief therein presented, and upon which they had a right to trial thereon for cancellation of the note. For such reasons the trial court's rejection of the particular counter relief in the manner and at the time ordered was held to be erroneous, and its judgment reversed and cause remanded to the Whitley circuit court for further proceedings consistent therewith. Reference is made to the reported case, supra, for a full statement and history of the facts and respective claims and counterclaims of the parties therein presented and decided.

By the record it is shown that, while this appeal was here pending, the appellee pressed for a trial of the second action then filed and pending in the Rockcastle circuit court. The pendency of this prior action in the Whitley circuit court and of the appeal from the trial court's order entered therein, dismissing it, were brought to the attention of the Rockcastle circuit court, by a plea of abatement thereto, setting forth the then pendency of this prior action. The plea, however, was overruled and the cause, over appellant's objection, was submitted for trial, wherein, upon the conclusion of plaintiff's evidence, the court, again over the objections of appellants, sustained appellee's motion for a peremptory instruction, under which a verdict finding for him was duly returned. Appellants' motion and grounds for a new trial being overruled, judgment upon the verdict was duly entered.

Complaining of this judgment, this appeal is prosecuted, wherein some five assignments of error are made, but, in view of the conclusion we have reached, we deem it here necessary to consider only that one of them attacking it upon the ground that the court erred in overruling their plea in abatement to the second

trial, upon their showing made that the same parties were "litigating the idential question in the Whitley circuit court on identically the same subject matter and note," wherein an appeal from the judgment therein was even then pending undetermined in this court.

By subsection 3, section 92, of the Civil Code of Practice, it is provided that another action pending in this state between the same parties and upon the same cause is sufficient ground to sustain a plea in abatement. Also in section 392 of Newman's Pleadings and Practice, discussing this Code provision, it is said that:

"The pendency of another action in this State between the same parties for the same cause is also a ground of abatement by demurrer, if apparent on the face of the petition, or by answer if it do not so appear; for the defendant can not be subjected to the costs and trouble of two suits in the same State for the same purpose."

Also by a note thereto there is cited in support of the text the cases of Moore's Adm'r v. Sheppard, 1 Metc. 97; Curd v. Lewis, 1 Dana 353; Anderson v. this same work, it is said:

"In order to abate an action by reasons of the pendency of another suit, the two actions must not only be pending at the same time and prosecuted at the time the objection is made, and both be pending between the same parties, but they must both be prosecuted for identically the same cause of action,"

and to like effect was it so held in Ross et al. v. Fox's Adm'r et al., 212 Ky. 838, 280 S. W. 143. In 1 R. C. L. secs. 1 to 6, pp. 10 to 15, it is said the reason for the rule that the pendency of a former action will abate the second action is that vexatious litigation will not be permitted. See, also, Cook v. Cook, 159 N. C. 46, 74 S. E. 639, 40 L. R. A. (N. S.) 83, Ann. Cas. 1914A, 1137; L. R. A. 1918A, 7, notes 5, 6, and 7; Chapple v. National Hardwood Co., 234 Mich. 296, 207 N. W. 888, 44 A. L. R. 804 and annotation.

In view of this well-settled rule thus announced in these cases and texts and generally, we are of the opinion that the trial court erred in overruling appellants' plea in abatement, and that for such reason

its judgment must be reversed and cause remanded for further proceedings consistent with this opinion.