# Farmers Nat. Bank of Danville v. First Colored Baptist Church of Danville et al.

March 21, 1939.

Kendrick S. Alcorn, Judge.

**522**

[REDACTED]

NELSON D. RODES for appellant.

CLAY & CLAY, HENRY JACKSON, JOE G. DAVIS, JAY W. HARLAN, CHEUNAULT HUGUELY and C. C. BAGBY for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

The appeal challenges an order sustaining a plea in abatement and overruling a motion to consolidate. The plaintiff suffered dismissal of its petition by declining to plead further.

The appellant, Farmers National Bank of Danville, as trustee, filed the suit on December 8, 1937, against the stepchildren of Margaret Young and the beneficiaries of certain trusts. The petition recites that Margaret Young was born a slave. After the death of her first husband, she married Anthony Young and moved to Nebraska. He had received 40 acres of land and a mule as a bonus for service in the Union Army. He subsequently purchased 160 additional acres. Margaret added the proceeds of some property she had owned in Danville, and the couple prospered. Young died in 1912, the owner not only of the 200 acres of land but of other real estate and considerable personalty.

He had devised his land and one-third of his personal estate to his widow. She returned to Kentucky in 1914. Drawing a widow's pension, her estate accumulated with her years. On February 7, 1924, Margaret conveyed her real estate in Danville and assigned certain securities of the probable value of $8,500 to the Bank as trustee. She executed a trust deed to the Bank under which it administered the estate during her life, and by which it was directed to pay specific sums to certain nieces and nephews and divide the residuum between the First Baptist Church, Colored, of Danville, and Simmons University of Louisville. On September 13, 1928, she added $500 to the trust, which is described as being a part of the money realized from the sale of her life estate in a farm in Howard County, Nebraska. On May 7, 1937, she added $1,000 to the trust. Specific directions were given in these additional instruments for the disposal of the corpus at her death. The $1,000 was to be divided between Bessie Anderson and the First Baptist Church, Colored. The first two trust deeds had been seasonably recorded in the county court clerk's office. Margaret died at Danville July 5, 1937. No will had ever been offered for probate and no personal representative had been appointed to administer her estate. The Bank alleged that pursuant to its obligations it had expended a certain sum for the removal of Margaret's body to Nebraska and burial by the side of her husband, as directed. The trust estate remaining in its hands is described. It is alleged that the defendants, the stepchildren, were claiming an interest in the property or a portion thereof. They were called upon to establish their alleged interests. The prayer is that the chancellor advise and direct the plaintiff, as trustee, how it should proceed in the performance of its duties; that it be allowed reasonable compensation for itself and its counsel in the conduct of this litigation; and asks for all proper relief.

The stepchildren filed a special demurrer and a plea in abatement. This plea was rested upon the pendency of a suit in the same court, which had been filed September 1, 1937—three months before this one—by the stepchildren, as plaintiffs, against the bank and the beneficiaries of the trust, excepting Bessie Anderson. That petition sets forth an alleged contract signed by Margaret Young and the children of her deceased husband, Anthony B. Young. The contract recites that in con-

sideration of the children refraining from contesting his will, and in order that his estate might be speedily closed without further litigation or delay, and further that the children should aid and assist her in a definite way should her funds become exhausted, Margaret Young, among other things, conveyed all her interest in certain property and all but a life estate in other land; and further that she would make or had made a will in form and manner described. A paragraph of that will, copied in the alleged contract, bequeaths the residuary of her estate to the stepchildren. She had agreed not to revoke the will and to abide by the terms of the contract in respect thereto. The will was executed in duplicate and a copy attached to each copy of the contract. It is dated November 9, 1912. The petition charges a violation of that contract by the execution of the trust deeds of February 7, 1924, and September 13, 1928, above described. This first petition avers that the plaintiffs are the owners of all of Margaret Young's estate, subject to certain specific bequests named in the will, and charges that the named beneficiaries of the trusts have no interest in the property. The prayer is that the estate, in the hands of the Bank or otherwise, with the exception of the specific bequests stated in the will, be decreed the absolute property of the plaintiffs; that the Bank be enjoined from delivering or conveying or paying over any part of the estate to any other person; and "that the estate of Margaret Young be settled and for all relief, general and special, ordinary and extraordinary, to which they may be properly entitled." After the filing of the Bank's suit, an amended petition was filed by the stepchildren, making Bessie Anderson a party defendant thereto. It is said in brief that this was because the plaintiffs had no knowledge of the trust deed of May 7, 1937, which was never recorded.

The question, therefore, is whether the pendency of this suit first filed authorized the abatement of the suit filed by the Bank as plaintiff.

A multiplicity of suits is, of course, to be avoided where possible. Hence, the pendency of a former action within the same jurisdiction, between the same parties and involving the same subject matter and cause of action, or substantially the same, in which the rights of the parties may be determined and adjudged, requires the abatement of the second suit. The rule is applicable to suits in equity as well as in actions at law. Clarke v.

Ellis, 173 Ky. 540, 191 S. W. 292; Ross v. Fox's Adm'r, 212 Ky. 838, 280 S. W. 143; Rose v. Finley's Ex'r, 256 Ky. 565, 76 S. W. (2d) 637; 1 Am. Jur., Abatement and Revival, sections 14, 27.

On the question of identity of parties, it seems to us the rule is applicable here, for though one of the plaintiffs in the second suit was at first not a defendant in the other one, she was later made so, with the effect of having been a party thereto from the beginning. But can it be said there is an identical cause of action? The first was but a suit by creditors by virtue of a contract against claimants to most of the decedent's estate. They called upon those claimants to defend and also asked a settlement of the estate. The second suit was by a trustee suggesting that there was a conflict of claimants to the trust estate and bringing all of them before the court. It only asked the chancellor for advice and guidance in the administration of the trust.

In Clarke v. Ellis, supra, the first suit was for the partition of land of a decedent, with allegations that certain heirs were not entitled to any of it because of advancements, and the second suit was filed by the defendants in the first one presenting substantially the same issues; and in addition asking for a settlement of the estate, which consisted not only of land but of considerable personalty. Since the petition in so far as it sought a settlement of the estate was bad on demurrer, as the circuit court had ruled, the two causes became identical, and the ruling which sustained the plea in abatement was affirmed.

In Ross v. Fox's Adm'r, supra, the first suit was by the personal representative of Mary M. Fox against her heirs, devisees and creditors for a settlement of her estate, and in it the personal representative of Anne D. Moore was called upon, as a defendant, to file and present whatever claim she had against the Fox estate. The second suit was by the personal representative and heirs of Anne D. Moore against the personal representative and devisees of Mary M. Fox, in which it was alleged that Mrs. Fox had wrongfully converted to her own use certain securities belonging to Mrs. Moore, and that the defendants had received most of the Moore estate as legatees from Mrs. Fox. The plaintiffs sought to recover the value of the alleged converted property from the legatees and the personal representative. The defendants in the second suit, who were plaintiffs in the

first, pleaded their action in abatement. Being sustained, it was followed by their motion to consolidate the two cases and to regard their petition as their answer and cross-petition in the second suit. The court overruled this motion and dismissed the second suit. We reversed the judgment, pointing out that the second suit did not involve a settlement of the Fox estate, but had as its sole purpose the establishment of the alleged fact that at her death Mrs. Fox was indebted to Mrs. Moore because of the conversion of her property. It was also pointed out that a mere answer in the first suit would not have been sufficient to raise the question presented, nor would the filing of a claim in the settlement suit have resulted in a judgment against the heirs and devisees, to whom had already been distributed most of the estate. It was further held that to have obtained relief from them, the Moore heirs must have had to file a cross-petition in the original action, or have done so by an independent suit; that though such cross action might have been made the mere right to pursue that course is not a ground for the abatement of the second suit. See, also, Johnson v. Robertson, 45 S. W. 523, 20 Ky. Law Rep. 135.

The major difference between the instant case and the Ross case is that here the filing of the first suit by the creditors of Margaret Young for a settlement of the estate was not authorized. It was filed within two months of her death, and Section 428, Civil Code of Practice, prohibits anyone other than a personal representative maintaining such suit until the expiration of six months after the qualification of a personal representative. The case would be like Clarke v. Ellis, supra, except that the prematureness was not questioned. So it may be said that the Bank, as defendant in the first suit, waived the point, and, certainly, the plaintiffs could not, as they did not, raise it. Then, disregarding that deficiency, constituting the distinction, there is no substantial difference between this and Ross v. Fox's Adm'r, supra. It seems to us that while the cases cannot be said to be identical, they are so inter-related as to require consolidation, according to the appellant's motion. We ruled in the Ross case that it was error not to consolidate the two cases presented. A personal representative of the decedent should be named, if not already done, and made a party that the entire litigation may be determined in accordance with the established practice. Drye v. Grundy, 35 S. W. 119, 18 Ky. Law Rep. 13; Wi-

man v. First Christian Church of Mayfield, 273 Ky. 821, 117 S. W. (2d) 989.

The judgment is reversed for consistent proceedings.