## Finger v. Tate et al.

Feb. 16, 1940.

J. S. Sandusky, Judge.

W. N. Flippin and E. S. Dummit for appellant.

H. C. Kennedy, Sam Kennedy and B. J. Bethurum for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

T. V. Ferrell died in Pulaski County in 1937; his survivors were his widow (who died in 1938) and two daughters. He left two wills, one dated April 12, 1909, the other October 28, 1936. Appellant, as later appeared, had both wills in her possession.

One of the alleged wills is copied in the transcript. By its terms testator left to the widow some cash, a life estate in a described lot. He made specific bequests to the daughters, and disposed of remainder interests to relatives. The relationship of appellant to testator is not shown, but he made her a cash bequest and named her as residuary legatee.

The question we are to determine does not require particular reference to the conditions of the (1936) document. In the statement of appeal filed in the Pulaski circuit court, January 14, 1939, after setting out qualifying facts, appellant says that in December 1938 she offered the will dated April 12, 1909, which she contends was the last will of testator, and moved the county court to direct its probate. The court overruled her motion and refused to permit introduction of proof seeking to establish the paper as testator's will. She filed the orders of the county court, showing that court's action.

It appears from these exhibits that when the 1909 will was tendered, opponents, the two daughters, and the administrator of the Ferrell estate filed what was termed a "plea in abatement," and not waiving same, "a plea in estoppel." Appellant demurred to the plea in abatement. The court overruled the demurrer, and appellant declining to plead further, the court held the plea in abatement good, and refused probate. Her appeal, as above stated, followed.

The pleas were the same as presented when the matter came before the circuit court on appeal. The plea in abatement sets out, substantially, that on December 18, 1937, appellant had offered for probate in

the Pulaski county court, a will of testator's dated October 28, 1936, and that "after hearing many witnesses" the court declined to allow the will to be probated. That appellant prosecuted an appeal to the circuit court, where a jury, after proof was heard and instructions given, returned a verdict declaring against the will, and judgment was entered in accordance.

Appellant thereafter moved for a new trial; this motion was overruled, and time extended to file bill of exceptions. Whether filed or not, the record does not show. However, appellant was granted an appeal to this court; whether prosecuted or not the record fails to show. An examination of the dockets of this court fails to show any appeal.

It is then alleged "that the paper of April 12, 1909, which the said Catherine Finger now moves this court to probate, is another and entirely different paper to that of date October 28, 1936, which was rejected by the courts, and from which she is now prosecuting an appeal to the Court of Appeals, though the subject matter and parties are the same." They ask that because of the pendency of her aforesaid appeal to this court her endeavor to probate the 1909 will be abated.

The (separate) plea in estoppel sets out in detail the effort of appellant to have probated the 1936 will, and the failure; her appeal and the results as set up in the abatement plea. The plea is based on the fact that opponents were required to employ counsel; go to a great deal of trouble, suffer loss of time, and entail great expense in contesting with appellant her attempt to probate the 1936 will. It is further asserted that when appellant undertook to probate the 1936 will, she had in her possession the 1909 paper, "hence she is without legal right to offer said papers separately for probate; that it was her duty to offer both at the same time, thus avoiding annoyance and expenses of several litigations."

Appellant demurred to the plea in abatement; the court overruled the demurrer; she declining to plead further the court refused to admit the paper to probate, evidently meaning by its order that the matter would not be submitted for hearing. Appellant took exceptions and was granted appeal, and is here contending

the court erred in holding the plea in abatement a bar to her effort to probate the 1909 will.

It is argued that the action to probate the will of October 28, 1936, and the later effort to probate the 1909 will, did not constitute the same cause of action. Appellee's plea in abatement supports this argument, since it is plead that though the "subject matter and parties" are the same in each proceeding, the papers offered are entirely different. It is not shown why the courts, and jury rejected the 1936 will, hence we have no means of knowing. Nor are we concerned with the merits of the contest. It may be surmised that the later will was offered first, with the idea in mind that it had revoked the former. If the 1936 paper was not the last will of testator, as held by the court, we know of no law, or holding of this court, which would estop the offer of a former paper, which purported to be a will.

The plea in abatement as noted was based on the fact that appellant had first unsuccessfully attempted to probate the 1936 will, and had appealed to this court. As we read the record, we agree that she was granted an appeal, but there is nothing in the record, nor in this court's records, which would indicate that she had either perfected or prosecuted an appeal.

The plea as urged, based on the provision of subsection 3 of Section 92 of the Civil Code of Practice, ordinarily may be raised by special demurrer, but in this case it was necessary to present the question by special plea. The section provides that a special demurrer is an objection to a pleading which shows: "3. That another action is pending, in this State, between the same parties, for the same cause."

To sustain the plea it must appear that the parties be the same, in the same causes, pending at the same time. It is clearly to be seen that there was no "same cause" pending in the circuit court. The matter had passed beyond its jurisdiction, and as we have said, there was no cause pending between the same parties in this court. Even though appeal from the court's ruling on the 1936 paper was actually pending here, it is apparent that the two causes would not be identical. It is true the "subject matter" involves the probate of a will, but as is pointed out in appellee's pleading, it is not the same will in each case.

The rule in this jurisdiction as to when a cause is abated on the ground set up in the section of the Code, supra, is very succinctly stated in Section 392-b, Newman on Pleading and Practice, as follows:

"In order to abate an action by reason of the pendency of another suit, the two actions must not only be pending at the same time, and prosecuted at the time the objection is made, and both be pending between the same parties, but they must both be prosecuted for identically the same cause of action."

We have consistently followed this rule in Louisville & N. R. Co. v. Ohio Valley Tie Co., 161 Ky. 212, 170 S. W. 633; Ross v. Fox's Adm'r, 212 Ky. 838, 280 S. W. 143, Rose v. Finley's Exec., 256 Ky. 565, 76 S. W. (2d) 637. The rule is applicable in the instant case. If it should be admitted that the subject matter (test of a will) and the parties are the same, there are two reasons why the plea in abatement here fails. There was at the time of the second action no other action pending or being prosecuted as between the parties involving any cause, but if so, it is apparent that the causes were not identical. It could not be said that the court's finding in respect of the 1936 will, would be an adjudication of the rights of the parties under the former will.

In the case of Landrum v. McNeill, 269 Ky. 474, 107 S. W. (2d) 314, 318, the action of the courts in holding a prior will invalid was plead as a bar to an attempt to establish a subsequent will. We found no merit in the plea. In response to the contention that the first judgment was res adjudicata, we said:

"We do not think the instant case comes under that rule, because in the former case the question passed upon by this court was whether or not the paper presented constituted the last will of Sue McNeill. The decision was to the effect that because it was not executed as provided by the section, supra, of the Kentucky Statutes, it was no will at all. To constitute res judicata, the adjudication in that case should have been upon the identical cause of action, as well as between the same parties. Graves v. Graves, 12 Ky. Law Rep. 796."

Appellee contends that even though the plea in abatement be good, yet there was a plea of estoppel,

which was not challenged by demurrer, nor passed on by the court. Why this occurred we have no means of knowing. It may be sufficient for us to say that since the court did not pass on that question, we are not inclined to do so, though we may consider it on the argument "that if the court's judgment is right from any viewpoint, it will be upheld regardless of the particular reasons for rendering the judgment." In considering the plea of estoppel solely upon this contention, we are of the opinion that it was manifestly insufficient.

The judgment is reversed, with directions to the court to sustain appellant's demurrer to the plea in abatement, and for proceedings consistent with this opinion.