**Henry RIDDLE et al., Appellants,**

**v.**

**Herbert C. HOWARD et al., Appellees.**

**Henry RIDDLE, Appellant,**

**v.**

**John W. HOWELL et al., Appellees.**

Court of Appeals of Kentucky.

May 1, 1962.

Rehearing Denied June 22, 1962.

Thomas C. Fisher, Middletown, for appellants.

Herbert C. Howard, R. Davis McAfee, Harry Hargadon, Louisville, for appellees.

STANLEY, Commissioner.

The basic question in the two appeals is the justness or correctness of the judgment declaring that Middletown does not exist as an incorporated municipality.

The cases were initiated by the filing by Henry Riddle and many others as "citizens and residents of the City of Middletown" on June 16, 1960, of a petition in the Jefferson County Court to have trustees appointed for the town of Middletown in accordance .with KRS 88.230. An objection was filed by Herbert C. Howard and others on the grounds that (1) the city had been inactive for the last 75 years; (2) it was not certain that the Legislature had not dissolved the town; and (3) the appointment of trustees "at this time would not be in accordance with law as to process and orderliness and would result in hardship and unnecessary expense to the owners." Eight days later, on June 24, John W. Howell and another filed an ex parte petition in the circuit court for a judgment declaring the original charter of Middletown to have been forfeited under the provisions of KRS 82.010, 82.020. The petitioners in the county court intervened in that proceeding, made issue of certain alleged facts and pleaded in abatement and as a jurisdictional bar their prior and then pending proceeding in the county court for the appointment of town trustees.

The circuit court on July 26, 1960, entered a judgment that the charter of the town "is forfeited for failure for more than one year to maintain a city government by electing or appointing officers and by levying and collecting taxes."

The next day, July 27, the county court dismissed the petition to appoint trustees on the basis of the circuit court's judgment of forfeiture of the town's charter. An appeal from that judgment was taken to the circuit court and there affirmed. We have appeals from both judgments.

It appears without contradiction that the Jefferson County Court in May, 1797, established an area of 500 acres as the town of Middletown. The authority was an act of the Legislature enacted in December, 1796. 1 Littell, Laws, 512. The existence of the town was thereafter recognized by the Legislature in an amendatory act of 1800 (2 Littell, Laws, 406), and in 1871 (Acts 1871, Ch. 1109, p. 28), and by certain orders of the Jefferson County Court entered in 1899 and 1913. However, it appears also that beyond the memory of the oldest resident the town had been dormant and had had no trustees.

■ The appellants concede those conditions but argue that, nevertheless, Middletown continued as a municipal corporation and a city of the sixth class (KRS 81.010 (6)) because such a corporation may not commit suicide or become automatically dissolved by mere failure to function. That is recognized as the law. Hill v. Anderson, 122 Ky. 87, 90 S.W. 1071, 28 Ky.Law Rep. 1032. 37 Am.Jur., Mun.Corp., § 22.

■ The creation and dissolution of municipal corporations are political in character and are exclusive legislative functions. Such a corporation must be dissolved by or on authority of the Legislature. Hill v. Anderson, 122 Ky. 87, 90 S.W. 1071, 28 Ky. Law Rep. 1032. Before the adoption of the present Constitution, with its limitations and restrictions on the enactment of special laws, §§ 59, 60, dissolution of a city was

usually by special act. It appears that no general statute on the subject was enacted until 1906, when the Legislature authorized the courts to declare dissolution of a charter of a sixth class city upon petition of a majority of the resident voters: KRS 88.020. No proceeding was ever instituted under that statute or its predecessor, § 3662a–1 et seq., to terminate the life of Middletown. In 1918 an act (Ch. 152) authorized circuit courts to declare the charter of any city forfeited upon a finding that it had failed for one year to maintain a city government by electing or appointing officers and levying and collecting taxes for the maintenance of its streets and alleys. KRS 82.010, 82.-020. See Boone County v. Town of Verona, 190 Ky. 430, 227 S.W. 804; Green v. Davis, 253 Ky. 105, 68 S.W.2d 750; Sizemore v. Commonwealth, 285 Ky. 142, 147 S. W.2d 56; Jewell v. City of Lake Louisvilla, Ky., 339 S.W.2d 169. The present proceeding in the circuit court was under that statute.

The crucial or only legal question may be said to be whether a proceeding begun in a county court (which in this matter has exclusive original jurisdiction) tolled the right and power of the circuit court to declare a forfeiture of a city charter, as was within its exclusive original jurisdiction; or whether the pendency of the proceeding in the circuit court deprived the county court of power to act in its proceeding. The county court did not act and render judgment before the circuit court rendered its judgment.

The appellants contend that they having instituted the proceeding in the county court for the appointment of trustees for the legally existing city, as provided in KRS 88.230, before the beginning of the forfeiture proceeding in the circuit court, the county court, in the exercise of its exclusive jurisdiction in the matter, should have promptly granted the prayer of the petition and should not have held the case in abeyance, and the circuit court should have recognized the prior jurisdiction of the county court and abated or dismissed its

proceeding. If meanwhile the county court had appointed the trustees, there would have been no ground for forfeiture of the charter.

■ It is a rule of general application that when a court of competent jurisdiction acquires jurisdiction of the subject matter of a case, its authority and control continue until final disposition, and as a matter of principle and comity another court of concurrent jurisdiction will recognize the prior jurisdiction and will not interfere by taking over the same case. A plea in abatement will be sustained. Farmers National Bank of Danville v. First Colored Baptist Church, 277 Ky. 521, 126 S.W.2d 1130; Booth v. Copley, 283 Ky. 23, 140 S.W.2d 662; Delaney v. Alcorn, 301 Ky. 802, 193 S.W.2d 404; 1 Am.Jur.2d, Abatement, Survival and Revival, §§ 5, 16. However, it is an essential condition for the application of the rule that the first action shall afford the parties in the second action an adequate and complete opportunity for the adjudication of their rights. So, where the pendency of a suit or proceeding in one court is relied on to defeat or abate a second suit or action in another court of concurrent jurisdiction, it must relate to the same or substantially the same cause of action, and the parties and the relief or remedy sought in the first action must be the same or the equivalent. The rule of abatement does not apply where the second suit has merely a close connection with the other action. 1 Am.Jur.2d, Abatement, Survival and Revival, §§ 26, 31; 14 Am.Jur., Court, § 246; 21 C.J.S. Courts § 492; Ross v. Fox's Adm'r, 212 Ky. 838, 280 S.W. 143; Farmers National Bank of Danville v. First Colored Baptist Church, 277 Ky. 521, 126 S.W.2d 1130; Finger v. Tate, 282 Ky. 542, 138 S.W.2d 978; Booth v. Copley, 283 Ky. 23, 140 S.W.2d 662.

■ In the present cases the second proceeding in the circuit court related to the same general subject matter and the parties were practically the same, but the relief sought was not the same and the jurisdiction of the two courts was not concurrent, but exclusive, one of the other.

■ The statute, KRS 88.230, places a mandatory duty upon the county court to fill vacancies in the board of trustees of a city of the sixth class, but it is within the court's discretion to determine the existence of the conditions requiring its action and whom the court will appoint. The record discloses the county court was fully advised of the later institution and pendency of the proceeding in the circuit court. It was not required to act immediately upon the petition to appoint trustees, for issues had been raised. We think it was within the discretion of the county court to withhold disposition of the proceeding a reasonable time until the circuit court should determine whether the charter of Middletown had been lost because of the failure of the city to function. City of St. Matthews v. Smith, Ky., 266 S.W.2d 347; 53 Am.Jur., Trial, § 16; 89 C.J.S. Trial § 604.

The judgments in both cases are

Affirmed.